NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1481

A G DESIGN & ASSOCIATES LLC,

Plaintiff-Appellee,

v.

TRAINMAN LANTERN COMPANY, INC.
(doing business as American Lantern Company, Inc.)
and MARCUS MUKAI,

Defendants-Appellants,

and

JANE DOE MUKAI, G SCOTT MUKAI, AMERICAN LANTERN, INC.,
and JOHN DOE DEFENDANTS 1 THROUGH 10,

Defendants.

Robert L. Christie, Christie Law Group, PLLC, of Seattle, Washington, argued for plaintiff-appellee.  Of counsel was Hal M. Hofherr, Law Offices of Hal M. Hofherr, of Bellingham, Washington.

Jefferson Coulter, AXIOS Law Group, PLLC, of Seattle, Washington, argued for defendants-appellants.

Appealed from:  United States District Court for the Western District of Washington

Senior Judge Franklin D. Burgess

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1481

A G DESIGN & ASSOCIATES LLC,

Plaintiff-Appellee,

v.

TRAINMAN LANTERN COMPANY, INC.
(doing business as American Lantern Company, Inc.)
and MARCUS MUKAI,

Defendants-Appellants,

and

JANE DOE MUKAI, G SCOTT MUKAI, AMERICAN LANTERN, INC.,
and JOHN DOE DEFENDANTS 1 THROUGH 10,

Defendants.

Appeal from the United States District Court for the Western District of Washington in case no. 07-CV-5158, Senior Judge Franklin D. Burgess.

_____

DECIDED:  March 24, 2008

_____

Before RADER, SCHALL, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

A.G. Design & Associates LLC ("AG") filed suit against Trainman Lantern Company, Inc. ("TLC") alleging infringement of AG's patent relating to signaling lanterns used in the railroad industry.  The district court granted AG's motion for a preliminary injunction and TLC appealed.  We <u>vacate</u> and <u>remand</u>.

BACKGROUND

On March 30, 2007, AG filed the present suit in the United States District Court for the Western District of Washington alleging that TLC was infringing U.S. Patent No. 7,118,245 ("'245 patent") titled "Trainman's lantern." AG's suit also involves state law claims, including an allegation that TLC breached confidentiality and non-compete agreements by utilizing confidential information and trade secrets—allegedly obtained under false pretenses of intent to purchase AG—to produce a competing lantern.

On July 3, 2007, the district court granted AG's motion for a preliminary injunction, finding that TLC's device likely infringes the '245 patent under the doctrine of equivalents. A.G. Design & Assocs. v. Trainman Lantern Co., No. 07-CV-5158 (W.D. Wash. July 3, 2007) ("Preliminary Injunction Order"). In ordering the preliminary injunction, the district court noted that expert testimony provided that the accused device was "identical in all respects (within + or - .005) to the Patented Device, except that the Accused Device lacked the 'plurality of ports' in the reflector that would allow the central light to augment the lateral light." Preliminary Injunction Order, slip op. at 9. Additionally, the district court briefly discussed a covenant not to compete between the parties, concluding that "because a serious question has been raised on the issue of the Covenant Not To Compete . . . another basis for preserving the status quo pending final resolution of the issue has been shown." Id. at 12.

TLC appeals the district court's preliminary injunction order. We have jurisdiction to review this appeal under 28 U.S.C. § 1292(c)(1).

DISCUSSION

We review the district court's grant of AG's motion for preliminary injunction for an abuse of discretion. See Abbott Labs. v. Andrx Pharms., Inc., 473 F.3d 1196, 1200 (Fed. Cir. 2007) (citing Novo Nordisk of N. Am., Inc. v. Genentech, Inc., 77 F.3d 1364, 1367 (Fed. Cir. 1996)). "An abuse of discretion may be established by showing that the court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001) (quoting Novo Nordisk, 77 F.3d at 1367). As the district court properly noted, the following four factors are considered in determining whether to grant a preliminary injunction: "(1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest." Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1338-39 (Fed. Cir. 2003) (citing Amazon.com, 239 F.3d at 1350).

"To establish entitlement to a preliminary injunction a movant must establish a reasonable likelihood of success on the merits." Somerset Pharms., Inc. v. Dudas, 500 F.3d 1344, 1346 (Fed. Cir. 2007) (citing Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1325 (Fed. Cir. 2004) ("[A] movant is not entitled to a preliminary injunction if he fails to demonstrate a likelihood of success on the merits.")). To establish a likelihood of success on the merits as to patent infringement, AG must show that it will likely prove that TLC infringes at least one valid and enforceable claim of the '245 patent either literally or under the doctrine of equivalents. See Abbott Labs., 473 F.3d at 1201. As the party bearing the burden of proof as to invalidity and unenforceability at

trial, TLC can defeat the preliminary injunction by establishing a substantial question as to invalidity or unenforceability.  See id.

A

Regarding infringement, TLC's arguments on appeal include that the district court erred in its application of the doctrine of equivalents and its failure to employ patent prosecution history estoppel.  Because we find that prosecution history estoppel likely precludes a finding of infringement under the doctrine of equivalents in the present case, we need not decide whether the district court's application of the doctrine of equivalents was otherwise correct.

The district court found that "'[l]iteral infringement' is not established as to the Accused Device, because not every limitation found in the Claims is found in the Accused Device exactly."  Preliminary Injunction Order, slip op. at 10.[1]  The court did find, however, that AG "demonstrated infringement under the Doctrine of Equivalents because the Accused Device 'performs substantially the same function in substantially the same way to obtain the same result' as the Patented Device."  Id.

AG submits that TLC infringes independent claims one and twelve of the '245 patent under the doctrine of equivalents.[2]  The parties do not appear to dispute that the asserted claims recite a limitation of a "plurality of ports" formed in a lantern reflector

---

[1]     The district court's determination as to literal infringement was not appealed.

[2]     At oral argument, while TLC stated that it is not entirely clear which claims of the asserted patent are currently at issue in this case, AG responded that independent claims one and twelve are the currently asserted claims.  Oral Arg. at 2:59-3:30, 23:52-24:00, available at http://www.cafc.uscourts.gov/oralarguments/mp3/2007-1481.mp3.

and that the reflector in the accused device does not literally have a plurality of ports. The primary dispute, therefore, is whether there is a likelihood that the accused device infringes the asserted claims of the '245 patent under the doctrine of equivalents. TLC argues that prosecution history estoppel precludes a finding of infringement under the doctrine of equivalents because a narrowing amendment was made in response to a rejection during prosecution.

In response to a rejection based on prior art during prosecution, AG made a narrowing amendment adding several claim limitations to claim one of the '245 patent, including "a plurality of ports" formed in the reflector. Accordingly, equivalents are presumptively not available with respect to the limitation of "a plurality of ports" formed in the reflector.[3] Biagro W. Sales, Inc. v. Grow More, Inc., 423 F.3d 1296, 1305 (Fed. Cir. 2005) ("If the narrowing amendment was the addition of a new claim limitation, as in the case before us, equivalents are presumptively not available with respect to that limitation.").

On appeal, AG does not appear to dispute that there was a narrowing amendment raising the presumption that prosecution history estoppel precludes a finding of equivalence. Instead, it attempts to rebut the presumption by arguing that the rationale for the amendment in question is only tangentially related to the equivalent in

---

[3] While the parties' arguments regarding prosecution history estoppel are based on a narrowing amendment to claim one, the subject matter surrendered by the addition of "a plurality of ports" to claim one is also relinquished for the same limitation in claim twelve. Glaxo Wellcome, Inc. v. Impax Labs., Inc., 356 F.3d 1348, 1356 (Fed. Cir. 2004) ("This court has noted that subject matter surrendered via claim amendments during prosecution is also relinquished for other claims containing the same limitation." (citing Builders Concrete, Inc. v. Bremerton Concrete Prods. Co., 757 F.2d 255, 260 (Fed. Cir. 1985))).

question.  See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 740-41 (2002).  Specifically, AG submits that "[t]he addition of ports in the reflector bears only a tangential relationship to the equivalent in question, i.e., the way that both lanterns emit lateral light via LEDs spaced around the central reflector so light is reflected in a substantially radial pattern."

As we understand this argument, however, it seems to conflate the Festo prosecution history estoppel tangential rebuttal analysis with the doctrine of equivalents function-way-result test.  In our view, the relevant equivalent in question is the accused device's reflector without a plurality of ports.  While TLC asserts that the addition of the plurality of ports limitation was in response to the patent examiner's rejection based on a prior art reference lacking said limitation, AG has not put forth a rationale for the amendment that is tangential to the equivalent in question.  Prosecution history estoppel, therefore, likely precludes a finding of infringement under the doctrine of equivalents, and AG has not established a likelihood of success on the merits.

B

TLC also argues that the district court erred in failing to find a substantial question concerning validity of the '245 patent under 35 USC § 102.  The district court determined that a lantern allegedly disclosed by AG in October 2002 did not raise a substantial question as to validity.  Preliminary Injunction Order, slip op. at 11.  The district court explained this determination by stating that "the lantern of which Defendant spoke was shown to be a prototype and not the Patented Device."  Id.

As TLC argues on appeal, however, whether the alleged disclosure was in the form of a prototype is not the proper inquiry.  While TLC argues that the prototype had

all of the limitations in the asserted claims, AG submits that the prototype "did not contain any of the main features, including the patented reflector ports, of the Patented Device."[4] The district court used language acknowledging that "[a] determination that a claim is invalid due to lack of novelty under 35 U.S.C. § 102 requires a finding that every limitation is found in a single prior art reference," but it did not articulate its findings in terms of the prototype lacking any of the limitations of the '245 patent. Preliminary Injunction Order, slip op. at 11. At a minimum, the district court should have made a finding as to whether the prototype contains all of the limitations of any of the asserted claims of the '245 patent. Because the district court's preliminary injunction order did not include the necessary findings, it erred in reaching the conclusion that TLC failed to raise a substantial question as to validity.[5]

---

[4] We note that AG's arguments as to infringement and validity respectively seem inherently inconsistent. As to validity, AG argues that the prototype is not invalidating art because it did not include "any of the main features, including the patented reflector ports"; at the same time, as to infringement, AG argues that the accused device infringes even though it lacks reflector ports. While the relationship between infringement by the doctrine of equivalents and invalidity in the present case may not be as direct as the relationship between literal infringement and anticipation in other cases, this court has previously noted that one cannot interpret a patent one way for the validity analysis and a different way for the infringement analysis. See, e.g., Amazon.com, 239 F.3d at 1351 ("'A patent may not, like a "nose of wax," be twisted one way to avoid anticipation and another to find infringement.'") (quoting Sterner Lighting, Inc. v. Allied Elec. Supply, Inc., 431 F.2d 539, 544 (5th Cir. 1970) (citing White v. Dunbar, 119 U.S. 47 (1886))).

[5] TLC also argues that the district court erroneously failed to consider a patent misuse argument. In light of our finding that there is not a likelihood of success on the merits, the patent misuse argument is moot at this juncture in relation to the preliminary injunction determination.

C

At oral argument, in response to questions by the panel regarding state law claims, AG argued that this court should not disturb the preliminary injunction because it could be upheld on a state law breach of contract ground. Oral Arg. at 19:00-12, available at http://www.cafc.uscourts.gov/oralarguments/mp3/2007-1481.mp3. In the last paragraph of its discussion section, immediately after deciding to grant AG's motion for a preliminary injunction relating patent infringement, the trial court briefly discussed AG's state law breach of contract claim based on TLC's alleged breach of a covenant not to compete. Preliminary Injunction Order, slip op. at 12. The district court concluded, "[a]ccordingly, because a serious question has been raised on the issue of the Covenant Not To Compete, and because the balance of hardships tips in Plaintiff's favor on this issue for reasons similar to those in the patent infringement analysis above, another basis for preserving the status quo pending final resolution of the issue has been shown." Id.

While there is some disagreement as to the exact expiration date of the covenant not to compete, both parties agree that the covenant not to compete expired by at least November 2007. Oral Arg. at 6:22-31, 25:43-26:13, available at http://www.cafc.uscourts.gov/oralarguments/mp3/2007-1481.mp3. Thus, even if we assume arguendo that a "serious question" regarding an allegation of breach of a valid, enforceable covenant not to compete could be a sufficient ground standing alone to establish likelihood of success on the merits (apart from the patent-related analysis), we will not uphold the preliminary injunction on that ground in the present case because both parties agree that the covenant not to compete has now expired. While AG may

be entitled to damages if it ultimately prevails in its claim that TLC breached the covenant not to compete, AG is not entitled to a preliminary injunction at this stage for an alleged breach of a currently-expired covenant not to compete.[6]

## CONCLUSION

For the aforementioned reasons, we vacate the district court's preliminary injunction order and remand for further proceedings consistent with this opinion.

## COSTS

Each party shall bear its own costs.

---

[6] Because we vacate the preliminary injunction order, the issue of the district court's failure to set a prospective preliminary injunction bond is moot.